**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

UNITED STATES OF AMERICA

v.                                         No. 4:05CR00178 JLH

DEBRA JEAN PRICE

## ORDER

Debra Jean Price was convicted of conspiracy to commit wire fraud and sentenced to a term of imprisonment of fifteen months. She has filed a motion for release pending appeal pursuant to 18 U.S.C. § 3143(b), which provides that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal, must be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of another person or the community, that the appeal is not for the purpose of delay, and that the appeal raises a substantial question of law or fact likely to result in a reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than a total of the time already served plus the expected duration of the appeal process.

The government concedes that Price is not likely to flee and that she does not pose a danger to the safety of another person or the community, and the Court so finds by clear and convincing evidence. However, the government denies that the appeal will raise a substantial question of law or fact that is likely to result in a reversal or an order for a new trial. Price argues that she has two issues on appeal that constitute substantial questions of law or fact likely to result in reversal or an order for a new trial.

First, Price intends to argue on appeal that the evidence against her was insufficient to sustain a conviction for conspiracy under the standard articulated by the Eighth Circuit in *United States v. Lopez*, 443 F.3d 1026, 1030 (8th Cir. 2006), and *United States v. Casperson*, 773 F.2d 216, 221 (8th Cir. 1985).  Second, she intends to argue that the Court erred in holding that FBI 302s are not "statements" as that term is defined in the Jencks Act, 18 U.S.C. § 3500(e).

In *United States v. Powell*, 761 F.2d 1227 (8th Cir. 1985), the court explained the meaning of the relevant language in section 3143(b):

> To sum up: We hold that a defendant who wishes to be released on bail after the imposition of a sentence including a term of imprisonment must first show that the question presented by the appeal is substantial, in the sense that it is a close question or one that could go either way.  It is not sufficient to show simply that reasonable judges could differ (presumably every judge who writes a dissenting opinion is still "reasonable") or that the issue is fairly debatable or not frivolous.  On the other hand, the defendant does not have to show that it is likely or probable that he or she will prevail on the issue on appeal.  If this part of the test is satisfied, the defendant must then show that the substantial question he or she seeks to present is so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor.  In deciding whether this part of the burden has been satisfied, the court or judge to whom application for bail is made must assume that the substantial question presented will go the other way on appeal and then assess the impact of such assumed error on the conviction.

*Id.* at 1233-34.  *See also United States v. Marshall*, 78 F.3d 365, 366 (8th Cir. 1996) ("We require a showing that the appeal presents 'a close question' . . . .").

The undersigned did not preside at trial but has reviewed the transcript.  While it would be hard to say that it is likely or probable that Price will prevail on the issue of whether there was sufficient evidence to support the conviction, she "does not have to show that it is likely or probable that . . . she will prevail on the issue on appeal." *Powell*, 761 F.2d at 1234.  Instead, she needs to show only that the question is a close one.  *Id.* at 1233-34; *Marshall*, 78 F.3d at 366.  After reviewing

the transcript as a whole, noting specifically those portions of the transcript in which witnesses testified concerning Debra Price, the Court believes that whether the evidence is sufficient to support a conviction is a close one. Obviously, whether the evidence is sufficient to support a conviction "is so integral to the merits of the conviction that it is more probable than not that reversal . . . will occur if the question is decided in the defendant's favor." *Powell*, 761 F.2d at 1234. Thus, Price satisfies both elements of the standard adopted by the Eighth Circuit for deciding whether a defendant who has been convicted but who is not a flight risk or a danger to the community may be released pending appeal.

Because the Court concludes for the reasons stated that Price is entitled to release pending appeal, it is unnecessary to reach the issue of whether she is entitled to release pending appeal based on the issue of whether FBI 302s are "statements" as defined in 18 U.S.C. § 3500(e).

For the reasons stated above, the motion for release pending appeal is GRANTED. Document #109. The Order Setting Conditions of Release previously entered will continue in effect. If the Eighth Circuit affirms, Price's date for reporting to the Bureau of Prisons will be the 30th day after the Eighth Circuit issues its mandate if that date falls on a Monday; and if the 30th day after the mandate issues is not a Monday, Price's report date will be the next Monday after the 30th day.

IT IS SO ORDERED this 11th day of February, 2008.

       */s/ J. Leon Holmes*
       _____
       J. LEON HOLMES
       UNITED STATES DISTRICT JUDGE